IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEVIN E. WILSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 13-1390-LPS |
| | : | |
| CITY OF WILMINGTON, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

1. **Introduction.** Plaintiff Kevin E. Wilson ("Plaintiff") filed this employment discrimination and retaliation action pursuant to 42 U.S.C. § 2000e-5 for acts that allegedly occurred while he was employed by the City of Wilmington, Delaware ("the City). Plaintiff appears pro se and has paid the filing fee. Before the Court are motions to compel (D.I. 75, 94), motion for protective order (D.I. 85), and motion for leave to amend the answer to include counterclaims (D.I. 87).

2. The court imposed the following deadlines: (1) all motions to join other parties and amend the pleadings shall be filed on or before April 14, 2014 (D.I. 13); (2) all discovery in this case shall be initiated so that it will be completed on or before June 30, 2015 (D.I. 102); (3) all summary judgment motions and an opening brief and affidavits, if any, in support of the motion, shall be served and filed on or before July 31, 2015 (D.I. 102).

3. **Motion to Compel.** Plaintiff moves to compel Defendants to provide answers and/or documents in support of interrogatories requested on November 3, 2014. (D.I. 75) Defendants respond that they timely objected to a second set of interrogatories served on

1

November 3, 2014 (D.I. 63) on the grounds that the interrogatories were nearly identical to the first set of interrogatories answered by Defendants on August 1, 2014 (D.I. 30). (D.I. 86)

4. The Court has reviewed the interrogatories at issue, Nos. 5, 6, and 10, propounded in the first set of interrogatories and the second set of interrogatories. The interrogatories in the first and second set are virtually identical and, while Defendants raised objections to Nos. 5, 6, and 10 in the first set of interrogatories, they also adequately answered them. Therefore, the Court will deny Plaintiff's motion to compel answers to interrogatories as the second set of interrogatories are repetitive. (D.I. 75)

5. **Motion to Compel and for Protective Order.** Plaintiff seeks to depose Wilmington Mayor Dennis P. Williams ("Williams") and Wilmington Councilwoman Loretta Walsh ("Walsh"), and moves to compel Defendants to make Williams and Walsh available for depositions. (D.I. 75) Plaintiff filed notices to take the depositions of Williams and Walsh on the same date that he filed the motion to compel. (D.I. 79, 82) In turn, Defendants filed a motion for a protective order to preclude Plaintiff from deposing Williams and Walsh on the ground that Williams and Walsh do not have any knowledge of the facts of the merits of the case and their depositions are not reasonably calculated to lead to the discovery of admissible evidence. (D.I. 85) Thereafter, Plaintiff filed a second motion to compel the appearance of Williams and Walsh on the grounds that Williams is a necessary fact witness. (D.I. 94)

6. Rule 26(b) of the Federal Rules of Civil procedure provides that the court, "on motion or on its own, [] must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the

information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). Further, Rule 26(c) permits a court to limit the scope of discovery, including depositions, by entering a protective order. A court may enter a protective order upon a showing of good cause in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

7. "[A]bsent extraordinary circumstances," good cause exists to preclude the deposition of a high level government official because there is a public policy interest in ensuring that high level government officials are permitted to perform their official tasks without disruption or diversion." *Buono v. City of Newark*, 249 F.R.D. 469, 471 n.2 (D.N.J. 2008) (citing *Hankins v. City of Philadelphia*, 1996 WL 524334, *1 (E.D. Pa. Sept. 12, 1996) and *Warzon v. Drew*, 155 F.R.D. 183, 185 (E.D. Wis. 1994)). "[T]his rule is based on the notion that high ranking government officials have greater duties and time constraints than other witnesses" and that, "without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." *Bogan v. City of Boston*, 489 F.3d 417, 423-24 (1st Cir. 2007) (internal quotation marks and citation omitted). "These interests require the requesting party to show that the deposition is likely to lead to the discovery of admissible evidence and thus, mere knowledge or awareness of information that may be helpful if discovered, and even an official's pro forma approval of a matter without showing deliberations about it, will not justify ordering a deposition of the official." *Buono*, 249 F.R.D. at 471 n.2 (internal citations omitted).

8. Plaintiff argues that Williams is a "necessary fact witness" and will provide information on the August 19, 2013 grievance addressed to him that Plaintiff filed against several

3

department heads. (D.I. 14) Plaintiff provides a document titled, "Grievance to Mayor Dennis P. Williams," dated August 19, 2013, that complains of alleged violations of his right to due process during a February 27, 2013 appeals board hearing. (D.I. 94 Ex. C) Plaintiff does not speak to the testimony he expects Walsh to provide.

9. Williams' affidavit states that he is aware that Plaintiff is a former employee of the City and that Plaintiff is involved in litigation with the City. (D.I. 85 Ex. A at ¶ 2) Williams states that he has no knowledge of the facts surrounding Plaintiff's claims and would be unable to testify regarding any information relevant to the case.[1] (*Id.* at ¶ 4) Williams further states that he has no direct involvement with personnel matters within the City, with the exception of senior staff issues. (*Id.* at ¶ 3) He delegates personnel matters to the director of human resources and to various department heads, including Jacqueline E. Jenkins ("Jenkins") and Jeffrey Starkey ("Starkey"). (*Id.*)

10. Walsh's affidavit states that she is aware that Plaintiff is a former employee of the City and that Plaintiff is involved in litigation with the City. (*Id.* at Ex. B at ¶ 2) Similar to Williams, Walsh states that she has no knowledge of the facts surrounding Plaintiff's claims and would be unable to testify regarding any information relevant to the case. (*Id.* at ¶ 4) Walsh further states that she has no involvement or control over personnel matters within the City. (*Id.* at ¶ 3)

11. In evaluating whether to grant a protective order with respect to Williams and Walsh, the Court finds that Defendants have met their burden. The record is devoid of any evidence that would suggest that either Williams or Walsh possess personal, unique, or superior knowledge

---

[1] The Court takes judicial notice that Williams did not become the Mayor of the City of Wilmington until January 2013. *See* http://www.ci.wilmington.de.us/government/mayor (June 5, 2015). Plaintiff's complaint arises from alleged employment discrimination that occurred in October 2012. (*See* D.I. 2) Plaintiff's charge of discrimination was filed on November 13, 2012. (*See id.*)

4

regarding the facts of Plaintiff's alleged employment discrimination. In addition, the Court is not persuaded that the grievance Plaintiff submitted to Williams in August 2013 qualifies as evidence of Williams' personal or unique knowledge of facts surrounding Plaintiff's claim of discrimination that allegedly occurred in October 2012. Moreover, the record reflects that Plaintiff has taken the depositions of former or current lower level City employees, including Starkey, Leo T. Lynch, Jessica Ramos-Velazquez, and Jenkins, all of whom were thoroughly questioned about Plaintiff's allegations. (*See* D.I. 103) Notably, Williams delegated personnel matters to Jenkins and Starkey. The Court finds that there are no extraordinary circumstances and that good cause exists to preclude the depositions of Williams and Walsh. Therefore, the Court will deny Plaintiff's motions to compel the depositions of Williams and Walsh (D.I. 75, 94) and will grant Defendants' motion for a protective order regarding the depositions of Williams and Walsh (D.I. 85).

12.    **Motion for Leave to Amend Answer to Include Counterclaims**. Defendants seek leave to amend their answer to include counterclaims. They argue they learned through discovery that Plaintiff had violated Wilm. C. §§ 40-58 and 40-59, causing damages to the City. (D.I. 87) Plaintiff opposes the motion on the grounds there were no violations of the Wilmington, Delaware – Code of Ordinances ("the Code"), Defendants' proposed amendment is a bad faith attempt to unduly prejudice Plaintiff, and the motion is untimely. (D.I. 97)

13.    The sections of the Code invoked by Defendants concern outside activities of individuals while employed by the City. *See* Wilm. C. § 40-58 (outside activities-policy); § 40-59 (outside activities for pay-disclosure; authorization; compatibility); § 40-60 (outside activities-determination of inconsistent activities). Section § 40-62 (not referred to by Defendants) provides that "[a]ny violation of the provisions of this subdivision regarding outside employment or activities and/or use of city property shall constitute sufficient grounds for disciplinary action, including

5

immediate dismissal of the employee engaging therein from the city service." Wilm. C. § 40-62. Defendants assert Plaintiff committed wrongful acts during December 2013 and January 2014 when Plaintiff allegedly began to work for another municipality without informing the City, simultaneously worked for the City and another municipality, and later received vacation pay from the City following his January 3, 2014 resignation. Plaintiff's complaint raises wrongful discriminatory acts by Defendants that allegedly occurred in October 2012.

14. Pursuant to Fed. R. Civ. P. 15, the decision to permit an amendment rests in the sound discretion of the Court. *See Heyl & Paterson Int'l Inc. v. F.D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Leave to amend may be denied in case of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. *See Foman*, 371 U.S. at 182; *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). "[A]bsent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed[,] or futility of amendment." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citations, internal quotation marks, and emphasis omitted).

15. **Counterclaim.** There was an April 14, 2014 deadline for filing amendments. Defendants appear to recognize that their motion is untimely, as they advise the Court they did not contemplate filing a counterclaim until after alleged violations of the Code were discovered during Plaintiff's deposition. Counts I and II of the proposed counterclaim allege violations of the Code and appear to seek damages with regard to payment of vacation days acquired by Plaintiff in 2014 prior to his resignation from the City but while employed by his current employer. Defendants do not indicate if the counterclaim is compulsory or permissive.

6

16. A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject of the opposing party's claim; and does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). Federal Rule of Civil Procedure 13(b) permits a party "to state as a counterclaim against an opposing party any claim that is not compulsory." *Id.* at 13(b). Such a permissive counterclaim requires a basis of federal jurisdiction independent of the opposing party's claim. *See Aldens Inc. v. Packel*, 524 F.2d 38, 52 (3d Cir. 1975).

17. Plaintiff, a former City employee, raises claims in his complaint based upon employment discrimination and retaliation that allegedly occurred in October 2012. There are no allegations that Plaintiff was unlawfully discharged by the City or that refer to Plaintiff's current employment. Defendants' proposed counterclaim asserts violations of the Code based upon Plaintiff's employment with a different municipality that allegedly began in December 2013. After reviewing the complaint and proposed counterclaim, the court finds there are no common questions of law raised by the counterclaim. In addition, it is far from clear that there are common questions of fact, as (most notably) there is a one-year gap between the allegations in the complaint and those in the proposed counterclaim, and the counterclaim does not speak to discrimination. *See e.g., Richardson v. Traynor*, 2003 WL 25762441 (S.D. Fl. May 12, 2003) (court dismissed counterclaim for lack of subject matter jurisdiction where Plaintiff's complaint alleged various acts of physical and verbal sexual harassment while counterclaim alleged claims for slander and false light invasion of privacy when it determined that the tort claims were not compulsory counterclaims as they did not arise out of same transaction or occurrence as sexual harassment claims in second amended complaint). Accordingly, the Court finds that the proposed counterclaims are permissive, not compulsory.

18. Because Defendants' proposed counterclaims are permissive, there must be an independent basis for jurisdiction. The proposed amendment does not contain a jurisdictional statement.[2] A review of the proposed counterclaim reveals that there is no federal question and, therefore, the Court must determine if there is jurisdiction by reason of diversity. *See* 28 U.S.C. § 1332(a) (federal district court has jurisdiction over all civil actions where matter in controversy exceeds sum or value of $75,000, exclusive of interest and costs, and dispute is between citizens of different states).

19. Jurisdiction by reason of diversity is determined by examining the facts as they exist when the complaint is filed. *See Onyiuke v. Cheap Tickets, Inc.*, 435 F. App'x 137, 139 (3d Cir. July 5, 2011). When the complaint was filed, Plaintiff and Defendants were both domiciled in Delaware but, since that time, Plaintiff has moved to Virginia. Hence, the parties were not diverse at the time the complaint was filed. Even were the parties diverse, the amount in controversy must exceed $75,000. Assuming that Defendants' claims are true, based upon the allegations, it appears unlikely that Plaintiff is liable to Defendants to the extent of a sum exceeding $75,000 for his alleged violations of the Code. At most, it seems the amount in controversy is limited to one month of paid vacation. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (Defendants have burden to establish jurisdiction over their counterclaim). For the reasons discussed, the Court finds that the requisites for jurisdiction by reason of diversity have not been.

---

[2] "[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt," and a "court can raise *sua sponte* subject-matter jurisdiction concerns." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003).

20. For the above reasons, the Court finds it does not have an independent basis of subject matter jurisdiction over Defendants' proposed counterclaim pursuant to 28 U.S.C. § 1332. Amendment would be futile. Therefore, the Court will deny Defendants' motion for leave to file an amended answer to include counterclaim.[3] (D.I. 87)

                                                                                      _____
                                                                                      UNITED STATES DISTRICT JUDGE

Dated: July 29, 2015

---

[3] The Court notes that the Code of the City of Wilmington does not provide for a private cause of action under Division 4, Conditions of Employment.